IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,                           No. CIV-S-01-2257 MCE/PAN P

     Plaintiff,

  v.                                         ORDER

C. VILLASENOR,

     Defendant.
_____/

    On April 6, 2005, plaintiff moved to vacate the March 3, 2005 judgment.  The court construes this as a motion to amend judgment and for relief from judgment under Fed. R. Civ. Pro. 59(e) and 60.

> Rule 59(e) amendment is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . To justify an amendment, [the moving party] must also show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.

Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003).

Rule 60 provides:

> On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; ... or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff fails to establish that relief is warranted under either Rule 59(e) or Rule 60.  In addition, plaintiff's request for relief under Rule 59 is untimely.

Plaintiff's April 6, 2005 motion to amend judgment, construed as a motion to amend judgment and for relief from judgment, is DENIED.

IT IS SO ORDERED.

DATE: April 27, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

2